```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE
```

United States of America,
    Plaintiff

    v.                                              Case No. 15-cr-174-SM-AJ-1
                                                  Opinion No. 2025 DNH 075

Mara Morillo,
    Defendant


## **O R D E R**

The defendant-petitioner, Mara Morillo, is a Venezuelan national. In May of 2016, she pled guilty to conspiracy to distribute, and to possess with the intent to distribute, controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Following repeated continuances, in May of 2017, Morillo was sentenced to a term of 84 months in prison, followed by three years of supervised release. Judgment was entered on May 11, 2017. In 2021, Morillo received a notice of deportation.

Morillo served her term of incarceration and was released by the Bureau of Prisons. Recently, however, she was taken into custody by Immigration and Customs Enforcement and is currently being detained in Florida. For purposes of this proceeding, it

is important to note that a final order for her removal has issued.

On June 13, 2025, a little more than eight years after judgment was entered in her criminal case, Morillo filed a Petition for Writ of Coram Nobis, seeking to vacate her conviction.[1] In short, she claims that her trial counsel provided constitutionally deficient representation by failing to inform her that, by pleading guilty to a felony drug charge, she would become "forever and immediately mandatorily deportable." Petition (document no. 260-3) at 10. Morillo claims that if she had been aware of the immigration consequences of her guilty plea, she would not have pled guilty and would, instead, have proceeded to trial.

In conjunction with her Petition for Writ of Coram Nobis, Morillo also filed an Emergency Motion to Stay her Removal, pending resolution of her underlying petition. The government objects, asserting that this court lacks jurisdiction to stay a

---

[1] A petitioner who has completed his or her sentence and is no longer in custody but who continues to suffer collateral consequences from the underlying conviction may seek to challenge that conviction through a petition for writ of coram nobis. See generally Williams v. United States, 858 F.3d 708, 714 (1st Cir. 2017).

final order of removal as part of this coram nobis proceeding. The court agrees. Consequently, Morillo's Emergency Motion for Stay of Removal is necessarily denied.

**Discussion**

I. Jurisdiction.

In its objection to Morillo's motion to stay removal proceedings, the government asserts that this court "lacks jurisdiction to stay a final order of removal as part of this coram nobis proceeding." Government Response (document no. 263) at 1. More specifically, it says, "Judicial review of all removal orders is subject to the INA's jurisdiction-channeling provision, which states that 'the sole and exclusive means for judicial review of an order of removal' is 'a petition for review filed with an appropriate court of appeals.' Gicharu v. Carr, 983 F.3d 13, 16 (1st Cir. 2020) (quoting 8 U.S.C. § 1252(a)(5)). Further, Section 1252(b)(9) 'strips federal courts of jurisdiction to decide legal and factual questions arising from an alien's removal in any other context.' Id." Id. at 2.

Morillo is not challenging her final order of removal - at least not directly. Rather, she seeks to challenge her underlying federal drug felony conviction, which may or may not form some part of the basis for her removal. The undeveloped

3

record here does not include the final order of removal or an explanation of the reasons for it. The record does suggest, however, that both Morillo's conviction and the fact that she long overstayed a visa would warrant removal.

Title 8, Section 1252, of the United States Code provides that:

> **Exclusive Means of Review**
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with <u>an appropriate court of appeals</u> in accordance with this section <u>shall be the sole and exclusive means for judicial review of an order of removal</u> entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C.A. § 1252(b)(5) (emphasis supplied). Additionally, that statute states that:

> **Consolidation of questions for judicial review**
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, <u>arising from any action taken or proceeding brought to remove an alien</u> from the United States under this subchapter shall be available <u>only in judicial review of a final</u>

4

<u>order under this section</u>. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis supplied).

The weight of authority construing those and other provisions of Title 8 holds that district courts lack jurisdiction to stay removal proceedings under circumstances like those presented here - that is to say, proceedings in which a stay of the final order of removal is necessary so that a question directly related to the plaintiff's eligibility for removal might be addressed.  As the United States District Court for the Southern District of New York noted,

> As for Petitioner's application to stay removal itself, courts in the Second Circuit have consistently held that 8 U.S.C. §§ 1252(a)(5) and (g) strip district courts of jurisdiction over such requests. <u>Sean B. v. Wolf</u>, 2020 WL 1819897, at *1 (S.D.N.Y. April 10, 2020) (citing <u>Vidhja v. Whitaker</u>, No. 19 Civ. 613 (PGG), 2019 WL 1090369, at *3-4 (S.D.N.Y. Mar. 6, 2019)). "Section 1252 requires that both <u>direct and indirect challenges to removal</u> orders be filed in the appropriate court of appeals." <u>Id</u>. (citing <u>Vasquez v. United States</u>, No. 15 Civ. 3946, 2015 WL 4619805, at *3 (S.D.N.Y. Aug. 3, 2015)) (holding that "[a] stay would render the [final] removal order invalid and is <u>an indirect challenge to the removal order</u>").

5

> Even where a <u>coram nobis</u> petitioner "seeks a stay of removal so that any relief granted by the Court will not be pyrrhic," the Court "lacks jurisdiction to grant that stay." <u>Eisa v. Immigr. & Customs Enf't</u>, No. 08 CIV 6204 (FM), 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) (denying application to stay deportation).

<u>Jimenez Perez v. United States</u>, No. 09-CR-159 (JHR), 2025 WL 1558578, at *3 (S.D.N.Y. June 3, 2025) (emphasis supplied). <u>See also</u> <u>Nunez-Garcia v. United States</u>, 364 F.Supp.3d 620, 622 (W.D. Va. 2019) (Like Morillo, petitioner sought a stay his removal proceedings so he might challenge a federal conviction on grounds that he was not properly informed of the immigration consequences of his guilty plea. The court denied the stay, holding that, "Courts in the Fourth Circuit have cited 8 U.S.C. § 1252(g) to find that petitioners in circumstances similar to Nunez-Garcia are barred from obtaining a stay of a removal order."); <u>Fermin v. United States</u>, 2018 WL 623645 at *3 (D.N.J. Jan. 29, 2018) ("[T]his Court cannot grant Petitioner the relief he seeks because this Court has no jurisdiction to stay a final order of removal. <u>See</u> 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g). Indeed, because Petitioner has received a final order of removal, any challenge to the validity of that removal order <u>or request for a stay of that Order</u> could be entertained only by <u>the Court of Appeals</u>, not this Court. Petitioner's emergency motion must therefore be denied.") (citations omitted) (emphasis

6

supplied); Beskurt v. Dep't of Homeland Sec., No. C11-1169-MJP, 2011 WL 5877768, at *2 (W.D. Wash. Oct. 7, 2011), report and recommendation adopted as modified, No. C11-1169 MJP, 2011 WL 5877459 (W.D. Wash. Nov. 22, 2011) ("The Court finds that it lacks jurisdiction over petitioner's motion for stay of removal under the REAL ID Act because the request to halt the execution of a final order of removal "arise[s] from" an "action" or a "proceeding" brought in connection with petitioner's removal, or from "the decision or action [to] execute removal orders against" them. 8 U.S.C. §§ 1252(b)(9), 1252(g).") (emphasis supplied). See generally Eisa v. Immigration and Customs Enforcement, 2008 WL 4223618 at *4 (S.D.N.Y. Sept. 11, 2008) (noting that district court lacks jurisdiction to stay removal so petitioner might challenge an underlying conviction and collecting cases).

The court does, however, acknowledge that Morillo's case presents a difficult and complex question involving the scope of this court's jurisdiction. And, to be sure, there are judicial opinions holding that district courts retain jurisdiction to stay removal proceedings so a petitioner might challenge an underlying conviction that forms the basis of the decision to deport them. See, e.g., Ragbir v. United States, No. 2:17-CV-1256-KM, 2018 WL 1446407, at *1 (D.N.J. Mar. 23, 2018);

7

Leuthavone v. Salisbury, No. 97-CV-556-JJM, 2025 WL 1135588, at *1 (D.R.I. Apr. 17, 2025).  It is, then, probably appropriate to discuss (briefly) the merits of Morillo's emergency motion to stay removal proceedings.

II.  **The Motion to Stay**

The record at this stage is sparse.  The court does not have a copy of Morillo's Final Order of Removal or any information about the bases of the decision to deport her.  Consequently, it is unclear what role her 2017 felony conviction played in that decision.  One thing is clear, however: Morillo entered the United States in 1996 and her travel visa expired one year later.  And, at least as of 2017, she was not residing in the country legally.  See Presentence Investigation Report (document no. 195) at para. 46 ("the defendant noted that her travel visa expired after one year [i.e., in 1997], she never applied for its renewal, and she did not take steps towards obtaining legal residency or United States citizenship.").

So, unless that has changed – and nothing in her papers suggests that it has – she would still be subject to removal even if she were to prevail in her efforts to vacate her conviction.  In other words, even if the court were to grant her requested relief and vacate her underlying federal conviction (a

long shot, at best), that would not make her ineligible for removal. That, in turn, would mean that there is no reason to stay her pending deportation since she could continue to pursue her efforts to vacate her conviction, albeit from abroad.

Absent reason to think that vacating her federal conviction would negate the basis for her removal, it is difficult to find that Morillo is at risk of suffering irreparable injury if a stay is not granted. At least on the record presented, Morillo has not shown that, in the absence of a stay, she would suffer irreparable injury with respect to pursuing her writ or in any other respect. See generally New York v. Trump, 133 F.4th 51, 65 (1st Cir. 2025). See also Nken v. Holder, 556 U.S. 418, 434 (2009) (noting that, "Although removal is a serious burden for many aliens, it is not categorically irreparable.").

## Conclusion

For the forgoing reasons, the court necessarily concludes that it lacks jurisdiction to stay Morillo's removal proceedings. Moreover, even if the court did have such jurisdiction, Morillo has not demonstrated that the relevant factors weigh in favor of granting such a stay. Accordingly, her Emergency Motion for Stay of Removal Proceedings (document no. 261) is denied, but obviously without prejudice to her

9

seeking a stay from the Court of Appeals while this petition is adjudicated in this court.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 18, 2025

cc: Counsel of Record
    U.S. Marshal
    U.S. Probation