UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                           Case No. 15-cr-174-SM-AJ-1
                                   Opinion No. 2026 DNH 052

Mara Morillo,
    Defendant


**O R D E R**


Invoking the provisions of the Speedy Trial Act, the defendant, Mara Morillo, moves the court to reconsider its order dated March 25, 2026, denying her motion to dismiss the pending criminal charge against her for lack of timely prosecution. That motion for reconsideration is denied.


The court's orders vacating Morillo's conviction (documents no. 279 and 280) are the subject of the government's pending appeal. The Speedy Trial Act clock (governing any potential retrial of Morillo) is automatically tolled during that appeal and does not begin to run until the Court of Appeals has rendered a final decision resolving that appeal and issued its mandate.

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.
>
> If the defendant is to be tried again <u>following an appeal or a collateral attack</u>, the <u>trial shall commence within seventy days from the date the action occasioning the retrial becomes final</u>.

18 U.S.C. § 3161(e) (emphasis supplied).  <u>See also</u> <u>United States v. Rush</u>, 738 F.2d 497, 509 (1st Cir. 1984) ("Courts which have considered the question of when an appeal ends and the clock begins to run again for speedy trial purposes have generally held that the applicable date is the date on which the appellate court issues its mandate.") (collecting cases); <u>United States v. Mack</u>, 669 F.2d 28, 33 (1st Cir. 1982) ("For computing speedy trial time limits, the date the 'action occasioning retrial becomes final' has been construed to mean the date on which the mandate of the court of appeals becomes final."); <u>United States v. Russo</u>, 550 F. Supp. 1315, 1318-19 (D.N.J. 1982) ("The finality referred to in § 3161(e) logically means finality of the Court of Appeals' action that occasioned the retrial.  The Court of Appeals' action is final on the issuance of its mandate. . . .  [T]he Court of Appeals retains jurisdiction over an appeal until it has issued its mandate, and the district court does not reacquire jurisdiction over a case until the mandate is issued.").

2

So, upon the government's appeal, the application (if any) of the Speedy Trial Act's seventy-day time limit was automatically stayed, by operation of law. See 18 U.S.C. §§ 3161(e) and (h). At the moment, however, it is unclear whether Morillo will actually be retried on the charge against her or if the Speedy Trial Act even has any application to this case. If the Court of Appeals affirms this court's decision vacating Morillo's conviction, the Speedy Trial Act clock will begin running (upon issuance of the mandate), and the government will have to decide whether it wishes to pursue a retrial. See 18 U.S.C. § 3161(e). If, however, the Court of Appeals reverses or vacates this court's order, Morillo's conviction will be reinstated, there will be no retrial, and the Speedy Trial Act has no application.

### Conclusion

In short, it is entirely unclear whether there will be any retrial in this matter. That uncertainty will not be resolved until the Court of Appeals disposes of the government's pending appeal and issues its mandate. Until that time: (1) this court lacks jurisdiction over Morillo's criminal proceeding; and (2) the Speedy Trial Act clock is tolled.

Morillo's Motion for Reconsideration (**document no. 287**) is, then, necessarily denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 5, 2026

cc:  Counsel of Record